UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. PETER LAWRENCE, M.D.,

      Plaintiff,

vs.

EMTEL NYACK PRINCIPALS
GROUP, DR. IRA Mehlman,
as aider and abetter,

      Defendants.

-------------------------------------------------x

**COMPLAINT**

# 06 CIV. 3580

## ROBINSON

## I. **PARTIES**

1. Plaintiff, Dr. Peter Lawrence, M.D., is an African-American medical doctor who, at all times relevant, worked in the emergency room at Nyack Hospital, within this judicial district.

2. Defendant Emtel Nyack Principals Group is a corporation doing business in this judicial district. At all times relevant to this action, this defendant was responsible for managing the emergency room at defendant Nyack Hospital.

3. At all relevant times, defendant, Dr. Ira Mehlman, who is white, served as Director of Emergency Medicine on behalf of defendant Emtel Nyack Principals Group at Nyack Hospital.

## II. **JURISDICTION**

4.  This Court has jurisdiction over this matter pursuant to 42 U.S.C. secs. 1981-a, 2000e-5 and 1988 and 28 U.S.C. secs. 1331, 1343 (3) & (4) and 1367. Plaintiff timely filed a complaint of racial discrimination with the EEOC and received a right to sue letter on or about February 27, 2006. He files this complaint within the required ninety days of receipt of the right to sue letter. Finally, plaintiff alleges that defendant Mehlman acted as the principal aider and abetter of Emtel Principals Group's discriminatory conduct toward him and that the acts and omissions for which he is responsible are fairly attributed to EMTEL and constitute the same basis as those which make out plaintiff's federal civil rights claims against his principal, defendant EMTEL.

## III. **STATEMENT OF FACTS**

5.  Plaintiff is the only African-American employed by EMTEL at Nyack Hospital in the emergency room.

6.  Plaintiff enjoyed a superb reputation as a physician before the events recounted herein.

7.  On or about June 9, 2005, defendant Mehlman wrote and circulated a memorandum which baselessly chastised plaintiff for allegedly unprofessional conduct arising from the care received/not received by an emergency room

patient.

8.  The memorandum was inaccurate, cast plaintiff in a negative light and was maliciously and racially motivated.

9.  Defendant Mehlman did not treat white staff members similarly involved in this and other incidents in a like manner.

10.  In issuing this memo, defendant Mehlman engaged in a grossly inadequate investigation which further revealed his discriminatory intent to injure plaintiff.

11.  Acting on behalf of EMTEL, defendant Mehlman did not seek in good faith to determine who, if anyone, was at fault for the issues raised by the patient.

12.  After receiving and responding to Mehlman's memorandum, plaintiff demanded that defendant Emtel renounce defendant Mehlman's memorandum and take other steps to restore his good name and reputation.

13.  Defendant EMTEL failed to timely take any such action though it had no basis in fact to support Mehlman's censure of the plaintiff and this failure further damaged and injured plaintiff.

14.  Before engaging in this conduct and on behalf of defendant EMTEL, defendant Mehlman had directed other hostile actions toward plaintiff, including changing his schedule, refusing to honor routine scheduled changes, removing

some of plaintiff's responsibilities commencing in early 2004, making racially insensitive comments about leading African-Americans, inappropriately introducing race into conversations where it was irrelevant, and threatening to get plaintiff fired though he had no cause either to do so or to threaten to do so.

15. In these and other manners, acting on behalf of defendant EMTEL, defendant Mehlman treated plaintiff disparately and created terms and conditions of employment inferior to those he provided to Caucasian physicians who were not part of the protected class recognized by Title VII.

16. As a consequence of the creation of disparate terms and conditions of employment on the basis of his race, plaintiff suffered compensable loss in the form of increased stress and anxiety, humiliation, embarrassment and loss of professional standing.

17. Defendants' acts and omissions were motivated by intentional racial\ discrimination and maliciously directed toward plaintiff as the sole African-American physician in the Nyack group.

## CAUSES OF ACTION

18. Plaintiff incorporates paras. 1-17 as if fully re-written herein.

19. By subjecting plaintiff to different standards of performance than white physician and by subjecting plaintiff to disparate treatment in the terms and

conditions of his employment, defendant EMTEL violated 42 U.S.C. sec. 1981-a,

2000e-5, **et seq.** and section 296 of the Executive Law of the State of New York.

20.  By subjecting plaintiff to different standards of performance than white

physician and by subjecting plaintiff to disparate treatment in the terms and

conditions of his employment, defendant EMTEL violated section 296 of the

Executive Law of the State of New York.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff hereby prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to hear and decide all issues within its authority;

c) award to plaintiff compensatory damages against defendants;

d) award to plaintiff punitive damages against defendants;

e) increase said awards by pre- and post-judgment interest as

provided/required by law;

f) order defendant EMTEL to purge its records of negative memoranda

concerning plaintiff and composed by defendant Mehlman and

g) enter any other relief which the interests of law and equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN LAW OFFICES
PO BOX 1005
GOSHEN, NY 10924

    COUNSEL FOR PLAINTIFF

DATED: MAY 12, 2006